SYLVANUS SHUMWAY, AS SPECIAL ADMINISTRATOR OF DANIEL CORNELL, DECEASED, RESPONDENT, *v.* WILLIAM COOLEY, BIRDSALL YALE AND MERLIN J. FORD.

*Judgment — payment of by one debtor — right of to keep alive as against others — as against strangers.*

APPEAL from an order made at the Special Term, denying a motion by Jesse Van Dusen to compel the plaintiff to satisfy of record a judgment obtained against the defendants, Cooley, Yale and Ford.

The judgment was recovered September 23, 1870, against the defendants, who had purchased, as partners, certain timber of the plaintiff's intestate. On February 24, 1870, Van Dusen took a mortgage of Ford for $1,500 upon land subject to the lien of the judgment. On the 14th of June, 1876, an execution was issued in Broome county against the defendant Cooley.

Cooley, to prevent the sale of his property, paid the fees of the sheriff upon the execution, then sought the plaintiffs and tendered the amount due upon the execution, demanding an assignment of the judgment to his friend Bixby, who appears to have advanced the money for Cooley, that he might enforce the judgment against his co-defendant Ford. The plaintiffs refused to give an assignment of the judgment, because forbidden to do so by Van Dusen, but offered to satisfy it, upon being paid the amount due. Cooley

finally paid the judgment, taking a receipt therefor. After this payment, Cooley or Bixby, or both of them, issued an execution upon the judgment, and under that execution this land was advertised to be sold when this motion was made. It has since been sold and the land bid in for Bixby or Cooley, or both of them.

The court below denied the motion, which was opposed by Cooley only, and granted to Cooley affirmative relief, adjudging that Bixby was the owner of the judgment and entitled to be subrogated to the rights of the plaintiffs; that the judgment remains a lien upon the lands of the defendant, Ford, and that the land of Ford might be sold upon the execution issued by Mr. Newton and as much collected thereon as Ford was in equity owing the defendants on the 24th day of February, 1871, with interest; and referring it to a referee to take evidence and report the amount of such equities.

The court at General Term say : " We are satisfied that Bixby cannot claim under the conceded facts to be the assignee of the judgment, or to be vested with any interest therein legal or equitable. He became simply a creditor of Cooley by virtue of the payment made by him to the plaintiff in the judgment, of the amount due thereon at the request of Cooley. The plaintiffs had distinctly refused to sell or assign it. The payment was made with full knowledge of that fact, and determines the character of the act as a payment, and not a purchase. Bixby is therefore out of the case.

Cooley was a principal debtor in the judgment, and as such was bound to pay it. As between him and Ford, however, it is possible he may have the right to keep the judgment alive to aid him in enforcing payment from Ford of his just proportion thereof. We do not assume to determine this question. But if he has any rights under the judgment they are against Ford alone for contribution. The judgment can only be kept alive as between the three defendants, and in aid of an adjustment between them of their affairs. As to strangers to the judgment, including Van Dusen, it must be treated as paid and satisfied. We think the order of the Special Term should be made to read as follows :

' Ordered that said judgment be held and deemed satisfied and discharged as to Van Dusen, and that the plaintiff therein and

said Cooley and all parties claiming under them or either of them be perpetually enjoined and restrained from enforcing the same as against the said Van Dusen and his rights and interests.'

The order appealed from is therefore reversed, and order granted as above suggested, with ten dollars costs of Special Term, and ten dollars costs and disbursements on appeal to Van Dusen against the defendant Cooley."

*R. A. Stanton*, for Van Dusen, appellant. *Isaac S. Newton*, for plaintiff, respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Order reversed, with ten dollars costs and printing, and order granted with ten dollars costs to Van Dusen against Cooley, as per memorandum of BOARDMAN, J.